IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:20-cv-02531 SJC |
| v. | )<br>) JURY DEMANDED<br>) |
| DONALD J. TRUMP, in his individual and official capacity as President of the United States; MITCH MCCONNELL, in his individual and official capacity as a Senator and Sponsor of S. 3548 CARES Act; and STEVEN MNUCHIN, in his individual and official capacity as the Acting Secretary of the U.S. Department of Treasury, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**FIRST AMENDED CLASS ACTION COMPLAINT**

NOW COMES Plaintiff, John Doe, (hereinafter "Doe" or "Plaintiff"), individually and on behalf of the proposed class, by and through his attorneys, Blaise & Nitschke, P.C. and Khalaf & Abuzir, LLC, and submits his first amended class action complaint against DONALD J. TRUMP, in his individual and official capacity as President of the United States; MITCH MCCONNELL, in his individual and official capacity as United States Senator and the Sponsor of S. 3548 CARES Act; and STEVEN MNUCHIN, in his individual and official capacity as the Acting Secretary of the U.S. Department of Treasury (hereinafter collectively referred to as "Defendants"). In furtherance whereof, Plaintiff states as follows:

**NATURE OF THE CASE**

This is a class action based upon Defendants' unconstitutional deprivation of the rights, privileges, benefits and/or protections provided to United States Citizens, via the enactment and

1

subsequent enforcement of the S. 3548-Coronavirus Aid, Relief, and Economic Security Act (hereinafter "CARES Act"), both enactment and enforcement of which evidence the discriminatory purpose and intent of said Act.

## PARTIES

1. Plaintiff John Doe is a U.S. citizen who at all times mentioned in this Complaint resided in the Northern District of Illinois.

2. That "John Doe" is not Plaintiff's actual name, but rather is a fictitious name for an actual person as herein described, in order to protect his actual identity, which is protected under the 5th Amendment and the facts alleged herein.

3. Defendant, DONALD J. TRUMP, in his individual and official capacity as President of the United States, is the President of the United States who signed into law the S. 3548-Coronavirus Aid, Relief, and Economic Security Act (hereinafter "CARES Act) on March 27, 2020.

4. Defendant, MITCH MCCONNELL, in his individual and official capacity as United States Senator, is the Sponsor of the S. 3548-CARES Act, introduced in the Senate on March 19, 2020 and signed into law on March 27, 2020.

5. Defendant, STEVEN MNUCHIN, in his individual and official capacity, is the Acting Secretary of the U.S. Department of Treasury.

6. That Defendants are each sued in their individual and official capacities and are the three persons and/or offices most responsible for the conduct alleged herein.

7. Each of the Defendants had actual and/or constructive knowledge of the acts of the other Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of the said acts.

## JURISDICTION AND VENUE

8.  This Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 because the case arises under the Constitution, laws, or treaties of the United States.

9.  Venue is appropriate in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

## STATEMENT OF FACTS

11. This civil rights action challenges the CARES Act on constitutional grounds. The CARES Act denies tax-paying U.S. citizens their rights, privileges, benefits and/or protections embodied in § 6428.2020 of the CARES Act ("Recovery Rebates For Individuals").

12. The CARES Act was introduced in the United States Senate (the "Senate") on March 19, 2020 by Mitch McConnell (for himself, Mr. Alexander, Mr. Crapo, Mr. Grassley, Mr. Rubio, Mr. Shelby, and Mr. Wicker). S. 3548, 116th Cong. (2020).

13. The CARES Act was signed into law by President Donald J. Trump on March 27, 2020. *Statement by the President*, WHITEHOUSE.GOV (March 27, 2020) https://www.whitehouse.gov/briefings-statements/statement-by-the-president-38/ (last visited Apr 24, 2020).

14. The CARES Act is to provide emergency assistance and health care response for individuals, families, and businesses affected by the 2020 coronavirus pandemic ("COVID-19"). S. 3548, 116th Cong. (2020).

15. Sec. 6428 of the CARES Act authorizes the Internal Revenue Service to disburse $1,200.00 to Americans earning up to $75,000.00 in adjusted gross income who have a Social

Security number, and an additional $500.00 for each child under the age of 17 (hereinafter "the Stimulus Check"). S. 3548, 116th Cong. § 6428 (2020).

16. Sec. 6428 of the CARES Act authorizes the Internal Revenue Service to disburse $2,400.00 to Americans filing jointly when earning up to $150,000.00 in adjusted gross income. S. 3548, 116th Cong. § 6428 (2020).

17. The Stimulus Checks includes Defendant Trump's signature. Defendant Mnuchin admits that the inclusion of Defendant Trump's signature on the Stimulus Checks was Defendant Mnuchin's idea.

18. To be eligible to receive a payment, an individual:

- must be a U.S. citizen, permanent resident or qualifying resident alien;
- cannot be claimed as a dependent on someone else's return;
- must have a Social Security number ("SSN") that is valid for employment ("valid SSN")
  - Exception: If either spouse is a member of the U.S. Armed Forces at any time during the taxable year, then only one spouse needs to have a valid SSN;
  and
- must have an adjusted gross income below an amount based on his or her filing status and the number of his or her qualifying children.

*Economic Impact Payment Information Center*, IRS.GOV (April 24, 2020) https://www.irs.gov/coronavirus/economic-impact-payment-information-center (last visited April 24, 2020).

19. Any family that files a joint tax return where one of the spouses has a Social Security number and one has an Individual Taxpayer Identification Number, which the Internal Revenue Service issues to workers who lack Social Security numbers, cannot receive a Stimulus Check — unless one spouse is a member of the U.S. Armed Forces. Jenny Jarvie, *These U.S. Citizens Won't Get Coronavirus Stimulus Checks – Because Their Spouses Are Immigrants*, LOS ANGELES TIMES (April 20, 2020), https://www.latimes.com/world-nation/story/2020-04-20/u-s-citizens-coronavirus-stimulus-checks-spouses-immigrant (last visited April 24, 2020).

20. There are 1.2 million Americans married to immigrants who do not hold Social Security numbers. *Profile of the Unauthorized Population: United States*, MIGRATION POLICY INSTITUTE, https://www.migrationpolicy.org/data/unauthorized-immigrant-population/state/US (last visited April 24, 2020).

21. Of the 1.2 million Americans, those who file joint tax returns and are not in the military are ineligible for a Stimulus Check and deprived of the right(s), benefit(s) and/or privilege(s) conferred upon all other U.S. citizens who otherwise qualify. "It's a deliberately cruel carve-out," said Manar Waheed, senior legislative and advocacy counsel with the American Civil Liberties Union. Jarvie, *supra*.

22. Putative class Plaintiff is a U.S. citizen who earns less than $75,000.00 in adjusted gross income, whose children are also U.S. citizens, and is excluded from the government's $2 trillion coronavirus financial relief package because he files his taxes jointly with his spouse, an immigrant who does not have a Social Security number.

23. Plaintiff Doe is married to an immigrant who pays taxes and files tax returns with an Individual Taxpayer Identification Number. The couple file joint tax returns and neither are in the military.

24. Had Plaintiff not been married to an immigrant with an Individual Taxpayer Identification Number, Plaintiff and his children would have otherwise qualified for a Stimulus Check.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this claim individually and on behalf of the following putative classes:

> **All United States Citizens married to immigrants that file joint taxes wherein the immigrant-spouses file tax returns using an Individual**

**Taxpayer Identification Number who would have otherwise qualified for the Stimulus Check.**

26. The Class ("Class") is so numerous that joinder of all individual members (individually, "Class Member" or collectively, "Class Members") in one action would be impracticable, given the expected Class size and modest value of individual claims.

27. There are more than 1.2 million Americans that are married to immigrants who lack Social Security numbers.

28. Of the 1.2 million Americans, those who file joint tax returns and are not in the military would meet the above-referenced Class definition.

29. Class Members can be identified through Defendants' records.

30. Plaintiff's claims are typical of the claims of the Class Members, as they are based on the same legal theory and arise from the same unlawful conduct.

31. There are common questions of law and fact affecting Class Members, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

   a. Whether and to what extent Defendants have deprived Class Members of their First Amendment Rights; Equal Protection and Due Process under the Law;

   b. Whether and to what extent Defendants have deprived Class Members of their property interest;

   c. Whether and to what extent Defendants have deprived Class Members of their rights, privileges, and immunities secured by the Constitution of the United States;

6

d. Whether Class members are entitled to actual damages, statutory damages, and/or punitive damages as a result of Defendants' wrongful conduct;

e. Whether Class Members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of their exclusion from the CARES Act; and

f. Whether or not Class Members are entitled to Declaratory Judgment relating to their classification and exclusion, among others, under the CARES Act.

32. Plaintiff will fairly and adequately represent the Class Members. Plaintiff has no interests that conflict with the interests of Class Members. Plaintiff has retained counsel experienced in handling civil rights cases and class actions. Neither Plaintiff nor his or her counsel has any interests that might cause them not to pursue these claims vigorously.

33. This action should be maintained as a class action because the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

## COUNT I
### Violation(s) of United States Constitution
### (On Behalf of Plaintiff and the Class)

34. Plaintiff re-alleges and incorporates paragraphs 1-33 of this Complaint as though fully set forth herein.

35. The Defendants, in their individual and official capacities as President of the United States, Senator and Sponsor of the CARES Act in the United States, and Acting Secretary of the U.S. Department of Treasury, violated Plaintiff's procedural and substantive due process rights and deprived Plaintiff of his rights, privileges, and immunities secured by the Constitution

of the United States.

36. The Defendants have engaged and continue to engage in behavior that violates Plaintiff's constitutional property interest rights individually and as a taxpayer in the United States and have thereby irreparably injured Plaintiff.

37. Defendants, acting under color of law, have violated rights secured to Plaintiff by the First, Fifth, and Fourteenth Amendments to the United States Constitution including the right of association, the right to due process of law, the right to equal protection under the law, and the penumbra of privacy rights created by the First, Third, Fourth, and Fifth Amendments that creates a fundamental right to marriage. Specifically, Defendants have failed, as applied to Plaintiff, to treat him as equal to his fellow United States citizens based solely on whom he chose to marry.

38. Plaintiff has lawfully filed taxes in the United States, yet he is being denied the rights and privileges under the CARES Act.

39. Similarly situated U.S. citizens who are not married to immigrants and who filed joint tax returns have not been denied such rights and privileges under the "CARES" Act.

40. Plaintiff brings this action against Defendants in their individual and official capacities for purposes of seeking declaratory and injunctive relief and challenges the practices and policies of discrimination both facially and as applied to him, individually, and as the putative Class Plaintiff.

41. The Fifth Amendment to the United States Constitution provides that no person shall be "deprived of life, liberty or property without due process of law." U.S. Const. amend. V.

42. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its

jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In addition, the Privileges and Immunities Clause of the Fourteenth Amendment states that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." U.S. Const. amend. XIV, § 1 Clause 2. Although the Fourteenth Amendment expressly applies to the State, it has been construed to apply to the Federal Government through the Reverse Incorporation Doctrine under *Bolling v. Sharpe*, 347 U.S. 497 (1954) and its progeny. *See Brown v. Board of Education of Topeka*, 347 U.S. 483 (1954); *Adarand Constructors, Inc. v. Peña* 515 U.S. 200 (1995) (applying strict scrutiny to the federal government based on equal protection grounds).

### Marriage as a Fundamental Right Emanating From Our First, Fifth, and Fourteenth Amendments

43. The Supreme Court has reiterated in numerous contexts that the right to marry is a fundamental right under the Due Process Clause. *See*, *e.g., M. L. B.* v. *S. L. J.*, 519 U.S. 102, 116, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996); *Cleveland Bd. of Ed.* v. *LaFleur*, 414 U.S. 632, 639-640, 94 S. Ct. 791, 39 L. Ed. 2d 52 (1974); *Griswold*, *supra*, at 486, 85 S. Ct. 1678, 14 L. Ed. 2d 510; *Skinner* v. *Oklahoma ex rel. Williamson*, 316 U.S. 535, 541, 62 S. Ct. 1110, 86 L. Ed. 1655 (1942); *Meyer* v. *Nebraska*, 262 U.S. 390, 399, 43 S. Ct. 625, 67 L. Ed. 1042 (1923).

44. Discrimination based on the fundamental right to marry is presumptively unconstitutional and subject to strict scrutiny.

45. The First Amendment to the U.S. Constitution states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

46. Specific guarantees in the Bill of Rights have penumbras, formed by emanations from those guarantees that help give them life and substance. Various guarantees create zones of privacy. The right of association contained in the penumbra of the First Amendment is one of those fundamentally protected zones of privacy. *Griswold v. Connecticut*, 381 U.S. 479, 480, 85 S. Ct. 1678, 1679 (1965).

47. The right of privacy first achieved constitutional stature in *Griswold v. Connecticut*, 381 U.S. 479, 14 L. Ed. 2d 510, 85 S. Ct. 1678 (1965), wherein the *Griswold* Court began by noting that "specific guarantees in the Bill of Rights have penumbras, formed by emanations from those guarantees that help give them life and substance." 381 U.S. at 484.

48. The *Griswold* opinion stressed the sanctity of marriage lying within the zone of privacy created by several fundamental constitutional guarantees. *Griswold v. Connecticut*, 381 U.S. 479, 485, 85 S. Ct. 1678, 1682 (1965)

49. Defendants discriminate against Plaintiff on the basis of their fundamental right of marriage.

50. The CARES Act provision at issue, on its face and as applied, or threatened to be applied, violates the First Amendment of the United States Constitution; Due Process Clause of the Fifth Amendment; Equal Protection and Privileges and Immunities afforded under the Fourteenth Amendment under Reverse Incorporation Doctrine; and the well-established fundamental right to marry.

51. The First, Fifth, and Fourteenth Amendments all amount to well-established constitutional rights of which a reasonable person would have known was violated personally and officially by the Defendants.

52. Defendants have no compelling interest justifying their policies of discrimination based on marriage, and they cannot show that these classifications are necessary to serve any legitimate governmental interest.

53. The Defendants treat Plaintiff differently than U.S. Citizens who file jointly with other U.S. Citizens, who are similarly situated.

54. The CARES Act singles out law-abiding and tax-paying U.S. Citizens by excluding them from a benefit they and their children would otherwise be entitled to with no compelling interest justifying the law and without serving any legitimate governmental interest.

55. Sec. 6428 is not narrowly tailored to advance a compelling government interest, nor is it rationally related to any legitimate government interest.

56. Accordingly, the CARES Act provision at issue violates the First Amendment to the United States Constitution; Due Process Clause of the Fifth Amendment to the United States Constitution; Equal Protection and Privileges and Immunities under the Fourteenth Amendment under the Reverse Incorporation Doctrine; and the well-established fundamental right to marry.

**Alienage as a Suspect Class**

57. "[Classifications] based on alienage, like those based on nationality or race, are inherently suspect and subject to close judicial scrutiny. Aliens as a class are a prime example of a 'discrete and insular' minority . . . for whom such heightened judicial solicitude is appropriate." *Graham* v. *Richardson*, 403 U.S. 365, 372 (1971) (footnotes and citations omitted).

58. Discrimination based on the alienage of a U.S. citizen's spouse is presumptively unconstitutional and subject to strict scrutiny.

59. Defendants discriminate against Plaintiff on the basis of the alienage of their spouse.

60. The CARES Act provision at issue, on its face and as applied, or threatened to be applied, violates the First Amendment to the United States Constitution; Due Process Clause of the Fifth Amendment; Equal Protection and Privileges and Immunities under the Fourteenth Amendment under the Reverse Incorporation Doctrine; and the well-established fundamental right to marry.

61. Defendants have no compelling interest justifying their policies of discrimination based on the marriage to a non-U.S. Citizen, and they cannot show that this suspect class is necessary to serve any legitimate governmental interest.

62. The Defendants treat Plaintiff differently than U.S. Citizens who marry other U.S. Citizens, who are similarly situated.

63. Sec. 6428 is not narrowly tailored to advance a compelling government interest, nor is it rationally related to any legitimate government interest.

64. Accordingly, the CARES Act provision at issue violates the First Amendment of the United States Constitution; Due Process Clause of the Fifth Amendment to the United States Constitution; Equal Protection and Privileges and Immunities under the Fourteenth Amendment under the Reverse Incorporation Doctrine; and the well-established fundamental right to marry.

**COUNT II**
**Action for Temporary Restraining Order ("TRO");**
**Preliminary and Permanent Injunction; and Declaratory Relief Against All Defendants**
**(On Behalf of Plaintiff and the Class)**

65. Plaintiff re-alleges and incorporates paragraphs 1-64 of this Complaint as though fully set forth herein.

66. Plaintiff seeks the entry of a temporary restraining order, preliminary and permanent injunction, and Declaratory Relief, including but not limited to the following:

    a. Issue a temporary, preliminary and permanent injunction against the Defendants and all those acting in concert prohibiting enforcement of the laws, as applied, at issue in this action; and

    b. Issue a declaratory judgment that the CARES Act provision at issue in this case, as applied to Plaintiff and the putative class, violates the constitutional and statutory rights of Plaintiff and denies Plaintiff the privileges and immunities to which he would otherwise be entitled.

67. Plaintiff has no adequate remedy at law and is suffering irreparable harm. There is no harm to the Defendants by this Court granting an injunction prohibiting enforcement of the challenged CARES Act provision. Meanwhile, the harm to Plaintiff is severe. The public interest is clearly served by this Court acting to order recognition of U.S. Citizens and their children consistent with the manner in which the Federal Government treats similarly situated U.S. Citizens, without regard to their marital status. Only prompt action by this federal Court ordering declaratory and injunctive relief will serve the public interest.

68. Injunctive relief is appropriate under the circumstances because Defendants have intentionally excluded otherwise eligible U.S. Citizens from receiving the Stimulus Check and more damaging, excluding them from a benefit conferred upon all other U.S. Citizens simply because of whom they chose to marry, which is facially discriminatory and retributive.

69. Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm by reason of the conduct described above. Such immediate and irreparable harm includes, but is not limited to, the loss of a minimum of $1,200.00 U.S. Dollars and a loss of privacy, reputation in the community, and dignity.

70. Plaintiff does not have an adequate remedy at law to protect and re-establish the rights which currently have been, and continue to be, violated by Defendants' actions. Plaintiff's rights cannot be obtained except through injunctive relief.

71. Entering the injunctive relief that Plaintiff is seeking will cause the Defendants no harm.

72. Defendants will suffer no loss, if compelled to act in accordance with the law, by refraining from discriminating against U.S. Citizens based upon their marital status to immigrants.

73. There is a reasonable likelihood that the Plaintiff will succeed on the merits of his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOHN DOE, individually and on behalf of the proposed Class, by and through his attorneys, Blaise & Nitschke, P.C. and Khalaf & Abuzir, LLC, prays for relief as follows:

a. For an Order certifying this action as a class action and appointing Plaintiff and his Counsel to represent the Class;

b. A temporary, preliminary and permanent injunction against the Defendants and all those acting in concert prohibiting enforcement of the laws, as applied, at issue in this action, as follows;

　　i. Issuing a Temporary Restraining Order amending the CARES Act as follows: "(h) Identification Number Requirement.—

"(1) IN GENERAL.—No credit shall be allowed under subsection (a) to an eligible individual who does not include on the return of tax for the taxable year—

"(A) such individual's valid identification number,

"(B) in the case of a joint return, the valid identification number ~~of such individual's spouse~~ for at least one of the filing spouses, and

"(C) in the case of any qualifying child taken into account under subsection (b)(1)(B), the valid identification number of such qualifying child.

"(2) VALID IDENTIFICATION NUMBER.—

"(A) IN GENERAL.—For purposes of paragraph (1), the term 'valid identification number' means a social security number (as such term is defined in section 24(h)(7)).

  ii. Issuing a Preliminary and Permanent Injunction amending the CARES Act as identified above and enjoining Defendants from affixing any new terms to the CARES Act, or any future legislation designed to provide stimulus to United States citizens that excludes mixed immigration status families.

c. Issue a declaratory judgment that the CARES Act provision at issue in this case is subject to strict scrutiny;

d. Issue a declaratory judgment that the CARES Act provision at issue in this case, as applied to the Plaintiff, violate the constitutional and statutory rights of Plaintiff;

e. Issue a declaratory judgment striking from the CARES Act those provisions that are violative of the protections afforded to Plaintiff and those similarly situated under the

15

> United States Constitution, federal statutes, and those cases interpreting the same under which this Court is bound under the principles of *stare decisis*;

f. Enter an Order requiring the Defendants to hold in escrow or otherwise earmark sufficient funds for the issuance of Stimulus Checks to members of the putative class;

g. For an award of attorneys' fees and costs; and

h. Such other and further relief as this court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all matters so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff and the putative class and the events described herein. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

## NOTICE OF LIEN AND ASSIGNMENT

All rights relating to attorneys' fees have been assigned to counsel.

Dated: April 27, 2020

Respectfully submitted,
John Doe, individually and
on behalf of others similarly situated
(collectively "Their").

By: /s/ Lana B. Nassar
Lana B. Nassar
One of Their attorneys

By: /s/ Vivian Khalaf
Vivian Khalaf
One of Their attorneys

By: /s/ Heather L. Blaise
Heather L. Blaise
One of Their attorneys

By: /s/ Elisabeth A. Gavin
Elisabeth A. Gavin
One of Their attorneys

By: /s/ Omar Abuzir
Omar Abuzir
One of Their attorneys

By: /s/ Thomas J. Nitschke
Thomas J. Nitschke
One of Their attorneys

Lana B. Nassar, 6319396
Vivian Khalaf, 6210668
Heather L. Blaise, 6298241
Elisabeth A. Gavin, 6297740
Omar Abuzir, 6257708
Thomas J. Nitschke, 6225740

Blaise & Nitschke, P.C.
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
lnassar@blaisenitschkelaw.com

Khalaf & Abuzir, LLC
20 N. Clark, Suite 720
Chicago, IL 60602
T: (708)-233-1122
F: (708)-233-1161
vkhalaf@immigrationjd.com

17

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on the 27th day of April, 2020, she caused the foregoing instrument to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system.

                /s/ Lana B. Nassar
                Lana B. Nassar

**Blaise & Nitschke, P.C.**
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
lnassar@blaisenitschkelaw.com
ARDC No. 6319396