IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>DONALD J. TRUMP, ET AL., )<br>)<br>       Defendants. )<br>_____) | Case No. 1:20-CV-2531-SJC |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM**

John Doe, on behalf of himself and the purported class members, seeks an order for leave to proceed under a pseudonym in this case. His motion should be denied because he has not carried his burden to show that "exceptional circumstances" exist "outweigh[ing] both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citing *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997)).

The Seventh Circuit has "repeatedly voiced [its] disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open proceedings and to know who is using court facilities and procedures funded by public taxes." *Village of Deerfield*, 819 F.3d at 377; *see also City of Chicago*, 360 F.3d at 669 ("The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity."). In reviewing Doe's motion to proceed under a pseudonym, the Court "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Blue Cross*, 112 F.3d at 872.

Doe contends "exceptional circumstances" support his motion because "Plaintiff and the Putative Class are vulnerable parties and are forced to proceed anonymously as a result of the immigration status of their respective spouses, who include in many instances, but are not limited to, undocumented immigrants." Dkt. 36 at 2. In support of his allegations, Doe cites a series of publications discussing issues generally related to immigration but does not contend that any of these articles relate to him. His motion is also devoid of any evidence related to his particular circumstances. Thus, he has not met his burden to establish any protectable privacy interest warranting departure from the usual requirement that parties identify themselves.

The other pending class actions challenging section 6428 further undercut Doe's motion. In both *Amador v. Mnuchin*, 1:20-cv-01102 (D. Md.), and *Uzoegwu v. Mnuchin*, 1:20-cv-03264 (S.D.N.Y.), the named plaintiffs have identified themselves. In *R.V. et al v. Mnuchin*, 8:20-cv-01148 (D. Md.), the named plaintiffs are proceeding pseudonymously in accord with the judicial protection traditionally given to minors, as set forth in Federal Rule of Civil Procedure 5.2. *See Blue Cross*, 112 F.3d at 872 ("fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses"). It is unclear why Doe requires anonymity when the named plaintiffs in *Amador* and *Uzoegwu*, who would all appear to be part of the purported class in this case, do not. And, unlike *R.V.*, Doe is not a minor.

Further, the United States would be prejudiced if Doe is permitted to proceed anonymously. Doe alleges that he and the purported class members are eligible individuals who would otherwise be entitled to a credit under section 6428 but for the citizenship of their spouses. *See* Dkt. 20, ¶¶26-28. Doe contends the United States will not be prejudiced if his motion is granted because "the Internal Revenue Service is certainly aware of Plaintiff and the Putative Class' identities as taxpayer identification information is already in the possession of the IRS."

Dkt. 36 at 5 (citation omitted). Although Doe has brought this case as a class action, he is the only current plaintiff in this case because no class has been certified. Because the United States does not know *his identity*, it cannot confirm his allegations that he is an eligible individual and an adequate representative of the proposed class. The fact that the Internal Revenue Service has records regarding *all taxpayers* does not mean it can identify *Doe's* records or evaluate whether he can fairly and adequately represent the putative class members.

In the event that the Court is inclined to grant Doe's motion, Doe should be required to disclose his identity to the United States under a protective order so that the United States can determine whether he is an eligible individual as defined by 26 U.S.C. § 6428. Specifically, the United States needs to know his Social Security Number, his spouse's Individual Taxpayer Identification Number, his 2019 income, and whether he filed his 2018 and 2019 tax returns. If Doe filed his 2018 and 2019 tax returns, the United States also would need copies of those returns. Without this information, the United States cannot adequately defend this case because it unclear whether Doe has standing to bring his claims or is an adequate class representation.

Dated: June 29, 2020

    Respectfully submitted,

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

    */s/ Jordan A. Konig*
    JORDAN A. KONIG
    CHRISTOPHER J. WILLIAMSON
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    P.O. Box 55, Ben Franklin Station
    Washington, D.C. 20044
    Tel.: (202) 305-7917 / Fax: (202) 514-5238
    Jordan.A.Konig@usdoj.gov

<u>Certificate of Service</u>

I certify that on June 29, 2020, a copy of the foregoing *United States' Memorandum in Opposition to Plaintiff's Motion to Proceed Under a Pseudonym* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jordan A. Konig*
Jordan A. Konig
Trial Attorney
U.S. Department of Justice, Tax Division

4