UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, individually, and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 20-cv-2531<br>)<br>) Judge Sharon Johnson Coleman |
| DONALD TRUMP, et al., | )<br>) |
| Defendant. | ) |

**ORDER**

The Court, in its discretion, denies plaintiff's motion to proceed under a pseudonym [36].

**BACKGROUND**

The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") mandated that every eligible American making under $75,000 a year individually and $150,000 jointly, would receive a certain amount of money due to the economic decline during the COVID-19 pandemic. The CARES Act, however, prohibits payments to individuals who do not have a social security number. Also, the CARES Act prohibits payments to individuals who jointly file their taxes with a spouse who does not have a social security number. *See* 26 U.S.C. § 6428 (d)(1). Plaintiff's putative class action is one of four lawsuits in the United States federal courts challenging 26 U.S.C. § 6428. *See Amador v. Mnuchin*, 1:20-cv-01102 (D. Md.); *R.V. v. Mnuchin*, 8:20-cv-01448 (D. Md.); *Uzoegwu v. Mnuchin*, 1:20-cv-03264 (S.D.N.Y.).

**LEGAL STANDARD**

Although district courts have the discretion to allow parties to proceed anonymously, "anonymous litigation runs contrary to the rights of the public to have open judicial proceedings." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016); *see also Mueller v. Raemisch*, 740 F.3d 1128, 1135 (7th Cir. 2014) ("Secrecy in judicial proceedings, including concealment of parties' names, is

disfavored."). There is a presumption that parties' identities are public information. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). To overcome this presumption, "a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Deerfield*, 819 F.3d at 377; *see also E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019). "[A] party's allegation of fear of retaliation 'is often a compelling ground' in favor of anonymity." *Deerfield*, 819 F.3d at 377 (citation omitted).

## DISCUSSION

In the present motion, plaintiff, on behalf of the class, asserts that using true names presents certain harms, including humiliation, harassment, and taunting by neighbors and co-workers due to the immigration issues involved. At the motion hearing, plaintiff explained that a putative class member's spouse has ongoing immigration proceedings and is worried that using true names would negatively impact these proceedings. The Court understands the volatile nature of immigration issues in our country during these uncertain times. That said, the Court presumes the immigration judge will uphold his or her oath of office and properly enforce the laws of the United States. The Court further presumes, without contrary facts, that any official personnel involved in the referred to proceedings will act professionally. Thus, this argument alone does not establish "exceptional circumstances" under controlling Seventh Circuit law, let alone plaintiff's generalized fear of humiliation and harassment

The Court further notes that in the other lawsuits challenging § 6428, only the plaintiffs in *R.V. v. Mnuchin*, 8:20-cv-01448 (D. Md.), are proceeding anonymously because they are minors. *See* Fed. R. Civ. P. 5.2(a). Here, plaintiff has failed to give a sufficient explanation why the present lawsuit differs from the other two lawsuits where plaintiffs are proceeding under their true names. *See Amador v. Mnuchin*, 1:20-cv-01102 (D. Md.); *Uzoegwu v. Mnuchin*, 1:20-cv-03264 (S.D.N.Y.).

In the end, without more a particularized fear of retribution, plaintiff has failed to establish that proceeding anonymously outweighs the public policy in favor of identified parties and any prejudice defendants will suffer by defending this action without the identities of the plaintiffs. *See Deerfield*, 819 F.3d at 376-77 ("anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes."). The Court, in its discretion, denies plaintiff's motion to proceed under a pseudonym.

IT IS SO ORDERED.

Date: 7/1/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge