IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-2531 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| DONALD J. TRUMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Doe brings this putative class action lawsuit challenging the constitutionality of the exclusion provision of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), specifically 26 U.S.C. § 6428(g)(1), seeking declaratory and injunctive relief against the United States, the Internal Revenue Service ("IRS"), the United States Department of the Treasury ("Treasury"), President Donald Trump, Senate Majority Leader Mitch McConnell, Treasury Secretary Steven Mnuchin, and IRS Commissioner Charles Rettig. Before the Court is defendant United States' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss all named defendants other than the United States from this lawsuit. Based on the following, the Court grants in part and denies in part the United States' motion and dismisses the individual defendants from this lawsuit.

**Background**

In response to the COVID-19 pandemic, Congress passed the CARES Act, which the President signed into law on March 27, 2020. The CARES Act provides "Advance Credits" of up to $1,200 for eligible individuals and $500 for each eligible individual's qualifying children under the age of 17. *See* 26 U.S.C. § 6428(a). The Act requires each Advance Credit recipient to have a Social Security number ("SSN"), thus excluding undocumented immigrants without a work authorization who file taxes with an Individual Taxpayer Identification Number ("ITIN"). *See* 26 U.S.C. §

6428(g); 20 C.F.R. § 422.104(a).  As a result, United States citizens, who would otherwise qualify for the Advance Credit, cannot receive the Advance Credit if they filed a joint tax return with a non-citizen spouse who lacks an SSN.  *See* 26 U.S.C. § 6428(g)(1)(B).  In short, § 6428(g)(1)(B), called the exclusion provision, excludes eligible individuals from receiving cash assistance if his or her spouse is an undocumented immigrant.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits.  *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011).  When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam).  To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

The United States first asserts that the official capacity claims against the individual defendants are duplicative of the claims against the United States.  The Court agrees.  It is well-settled that official capacity claims are just "another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).  In other words, "[a]ctions against individual defendants in their official capacities are treated as suits brought against the government entity itself."  *Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008).  Accordingly, the official capacity claims against Donald J. Trump, Mitch McConnell, Steven

Mnuchin, and Charles Rettig are duplicative, especially in light of Doe's allegations that the individual defendants are liable for their role in implementing the CARES Act, not that the individual defendants themselves violated the law or acted in excess of their authority. The Court therefore grants this aspect of the United States' motion.

In addition, both the President and the Senate Majority Leader are absolutely immune from this lawsuit because the allegations against them stem from their constitutional and official duties as federal office holders. *See Harlow v. Fitzgerald*, 457 U.S. 800, 811, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ("judicial, prosecutorial, and legislative functions require absolute immunity"); *Nixon v. Fitzgerald*, 457 U.S. 731, 756, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982) ("In view of the special nature of the President's constitutional office and functions, we think it appropriate to recognize absolute Presidential immunity from damages liability for acts within the "outer perimeter" of his official responsibility.").

Although Doe agrees that Senator McConnell is immune from suit, he argues that the President's conduct concerned "unofficial acts" because the President affixed his name to CARES Act checks. *See Clinton v. Jones*, 520 U.S. 681, 694, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("[W]e have never suggested that the President, or any other official, has an immunity that extends beyond the scope of any action taken in an official capacity."). Doe's argument is unsupported by legal authority except for a treasury directive that does not indicate whether the President can or cannot sign checks drawn from Treasury. Without more, Doe has waived this argument because it is undeveloped and lacks sufficient legal authority. *Harrington v. Duszak*, 971 F.3d 739, 741 (7th Cir. 2020).

Doe further argues that he can bring his constitutional claims against the individual defendants by extending the holding in *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, "an individual injured by a federal agent's alleged

violation of the Fourth Amendment may bring an action for damages against the agent." *F.D.I.C. v. Meyer*, 510 U.S. 471, 484, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). In *FDIC v. Meyer*, the Supreme Court declined to extend *Bivens* to lawsuits seeking money damages from federal agencies. *Id.* at 486. Doe does not address *FDIC v. Meyer* in his legal memorandum nor does he distinguish the fact that he did not allege the individual defendants were acting outside the scope of their official duties. In the end, the Supreme Court has repeatedly refused to extend *Bivens*, *see Ziglar v. Abbasi*, ––– U.S. –––, 137 S. Ct. 1843, 1857, 198 L.Ed.2d 290 (2017), and Doe has failed to make a sufficient argument for the Court to do so.

Next, the United States argues that Doe's official capacity claims against the Department of the Treasury and the Internal Revenue Service are untenable because federal agencies cannot be sued in their own name absent waiver of sovereign immunity, *see F.D.I.C. v. Meyer,* 510 U.S. at 475, and, it takes unequivocal language in a statute to waive sovereign immunity. *Bormes v. United States*, 759 F.3d 793, 796 (7th Cir. 2014). Doe does not point to unequivocal language in which either Treasury or the IRS waived their sovereign immunity under the circumstances, namely, a constitutional challenge to the CARES Act. Instead, he argues that the Administrative Procedure Act ("APA") provides immunity to bring this lawsuit against Treasury and the IRS even though Doe is not seeking review of a final agency action. The Court agrees.

"The APA provides a limited waiver of the United States' sovereign immunity and supports a claim for a challenge to agency action, but only to the extent that the plaintiffs 'seek relief other than money damages.'" *Cook County, Ill. v. Wolf*, 962 F.3d 208, 233 (7th Cir. 2020) (quoting 5 U.S.C. § 702). Because Doe is seeking injunctive relief, his argument is not barred by § 702. In addition, despite the United States' argument to the contrary, "the waiver in § 702 is not limited to claims brought pursuant to the review provisions contained in the APA itself," but also "applies when any federal statute authorizes review of agency action, as well as in cases involving constitutional

4

challenges and other claims arising under federal law." *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 775 (7th Cir. 2011). Therefore, the IRS and the Department of Treasury remain defendants to this lawsuit.

**Conclusion**

Based on the foregoing, the Court grants in part and denies in part the United States' motion to dismiss [44]. The Court dismisses the individual defendants from this lawsuit. The remaining defendants include the United States, the Internal Revenue Service, and the U.S. Department of Treasury.

**IT IS SO ORDERED.**

Date: 12/14/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge