IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | Case No. 1:20-CV-2531 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**UNOPPOSED MOTION TO DISMISS FOR LACK OF**
**SUBJECT MATTER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiff John Doe moves the Court to dismiss this action for lack of subject matter jurisdiction, and submits as follows:

On December 27, 2020, Defendant Donald J. Trump signed into law the Consolidated Appropriations Act, 2021. Subtitle B of title II of division N of that legislation, which is captioned the "COVID-related Tax Relief Act of 2020," among other things, amends certain provisions of the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act), including the provision codified at I.R.C. § 6428(g), the so-called Exclusion Provision, which would have denied any CARES Act tax credit on a joint return unless both spouses on that return possessed and set forth on the return valid Social Security Numbers (SSNs) for each. Specifically, section 273(a)(3) of the COVID-related Tax Relief Act of 2020 replaces I.R.C. § 6428(g)(1)(B), which would have denied a CARES Act tax credit to either spouse on a joint return unless both had valid SSNs, with a new provision that, "[i]n the case of a joint return," allows a CARES Act tax credit of up to "$1,200 if the valid identification number of only 1 spouse is included on the return of tax for the taxable year, and zero if the valid identification number of neither spouse is so included." Similarly, section 273(a)(3) of the COVID-related Tax

Relief Act of 2020 also replaces I.R.C. § 6428(g)(1)(C), which would have denied a CARES Act tax credit to any otherwise qualifying child on a joint return unless both spouses on that return had valid SSNs, with a new provision that, "in the case of a joint return," allows a CARES Act tax credit of up to $500, provided "the valid identification number of at least 1 spouse" on the return is included on it.

Further, section 273(b) of the COVID-related Tax Relief Act of 2020 provides that "[t]he amendments made by this section shall take effect as if included in section 2201 of the CARES Act." In sum, section 273(a)(3) of the COVID-related Tax Relief Act of 2020 retroactively repeals and replaces the Exclusion Provision with one that provides substantially the same relief that Plaintiff John Doe sought in this action for himself and others similarly situated.[1]

Accordingly, this "case is moot" because "the issues presented are no longer live," and "the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quotation and punctuation omitted). In particular, the enactment of section 273(a)(3) of the COVID-related Tax Relief Act of 2020 leaves "no reasonable expectation that the alleged violation will recur." *Id.* (quotation, punctuation, and alteration omitted). And the retroactive effect of that provision has "completely and irrevocably eradicated the effects of the alleged violation." *Id.* (quotation and punctuation omitted).

Because Plaintiff's action no longer represents a "case or controversy," within the meaning of Article III, section 2 of the Constitution, the Court does not retain subject matter jurisdiction over it. *See, e.g., SEC v. Medical Committee for Human Rights*, 404 U.S. 403, 407 (1972) (stating that a federal court's "lack of jurisdiction to review moot cases derives from the

---

[1] While the changes to I.R.C. § 6428(g) made by section 273(a)(3) of the COVID-related Tax Relief Act of 2020 apply for purposes of determining eligibility for a CARES Act tax credit under I.R.C. § 6428(a), they do not affect the eligibility for an advance refund of that credit under I.R.C. § 6428(f). Resultantly, Plaintiff John Doe and others similarly situated will not receive any payment unless and until they file their 2020 tax returns, and even then, only to the extent that the CARES Act tax credit exceeds their tax liability for the year.

requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy" (quotation and punctuation omitted)).

Plaintiff therefore moves that the Court dismiss the action for lack of subject matter jurisdiction.

Dated: January 19, 2021

Respectfully submitted,

JOHN DOE, individually and on behalf of others similarly situated (collectively "Their")

By: /s/ *Lana B. Nassar*
Lana B. Nassar
Blaise & Nitschke, P.C.
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
lnassar@blaisenitschkelaw.com
*One of Their attorneys*

By: /s/ *Guinevere Moore*
Guinevere Moore
Moore Tax Law Group LLC
150 N. Clark, Suite 1250
Chicago, IL 60606
T: (312) 549-9990
F: (312) 549-9991
Guinevere.moore@mooretaxlawgroup.com
*One of Their attorneys*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 19th day of January, 2021, she caused the foregoing instrument to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system.

/s/ *Lana B. Nassar*
Lana B. Nassar

Blaise & Nitschke, P.C.
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
lnassar@blaisenitschkelaw.com
ARDC No. 6319396