IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) Case No. 1:20-CV-2531 |
| v. | ) Judge Sharon Johnson Coleman |
| UNITED STATES OF AMERICA, ET AL., | ) |
| Defendants. | ) |

**PETITIONER'S APPLICATION FOR E.A.J.A. FEES AND COSTS**

Petitioner, JOHN DOE, (hereinafter "Doe" or "Plaintiff"), individually and on behalf of the proposed class, by and through his attorneys, Blaise & Nitschke, P.C., and Moore Tax Law Group, respectfully apply for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412(d) ("E.A.J.A."), and in support thereof state as follows:

1. The E.A.J.A. provides for the award of costs and attorneys' fees to a prevailing party in an action against the United States or one of its agencies.

2. The E.A.J.A. has been invoked to justify the award of fees and costs in immigration cases. *See, e.g., Ibrahim v. United States Dep't of Homeland Sec.*, 912 F.3d 1147, 1185 (9th Cir. 2019); *Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Illinois Migrant Council v. Pilliod,* 672 F.Supp. 1072 (N.D. Ill. 1987). The E.A.J.A. requires that a party seeking attorney's fees must file their application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). In this case, the Plaintiff filed an unopposed motion to dismiss the matter for lack of subject matter jurisdiction on

1

January 19, 2021 following the enactment of section 273(a)(3) of the COVID-related Tax Relief Act of 2020, which resolved the underlying claims in the above-captioned cause.

3. The "prevailing party" language of the statute is to be liberally construed. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). In *Hensley v. Eckerhart,* the Supreme Court found that "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff has also been held a 'prevailing party' even in cases of voluntarily dismissal. *Illinois Migrant Council*, 672 F.Supp. at 1075 (applying test for prevailing party set forth in *Illinois Welfare Rights Organization v. Miller,* 723 F.2d 564 (7th Cir. 1983)).

4. Petitioner was the prevailing party in this action. Petitioner brought a Class Action Complaint for violations of the United States Constitution on April 24, 2020 and an action for Emergency Injunctive Relief on April 30, 2020 challenging Defendants' unconstitutional deprivation of their rights, privileges, benefits and protections afforded United States citizens, via its enactment and subsequent enforcement of the S. 3548-Coronavirus Aid, Relief, and Economic Security Act (hereinafter "CARES Act"). (Dkts. 1 and 13.) Under the CARES Act, Petitioner and the putative class were ineligible to receive stimulus funds provided to other U.S. citizens. Specifically, the CARES Act provided that in the case of a family that files joint tax returns where one of the spouses has a Social Security number and one has an Individual Taxpayer Identification Number, the citizen spouse and the couple's children were nevertheless ineligible to receive stimulus funds.

5. The matter made national headlines. In response to Plaintiffs' suit, members of Congress created task forces fighting for mixed-status families and press conferences were held. *See Pelosi Remarks on Press Call with Congressional Hispanic Caucus and Mixed-Status Families on Denial of COVID-19 Stimulus Checks*, SPEAKER.GOV (May 1, 2020), https://www.speaker.gov/newsroom/5120-4 (last visited February 4, 2021); *'Mixed-Status' Families Seek Class Action Lawsuit Against Trump Administration Over Not Receiving Stimulus Checks*, ROBINKELLY.HOUSE.GOV (May 12, 2020), https://robinkelly.house.gov/media-center/in-the-news/mixed-status-families-seek-class-action-lawsuit-against-trump (last visited February 4, 2021); *Rep. Lou Correa Votes To Pass The Heroes Act*, CORREA.HOUSE.GOV (May 15, 2020), https://correa.house.gov/news/press-releases/rep-lou-correa-votes-to-pass-the-heroes-act (last visited February 4, 2021); Alia El-Assar, *Dozens of Florida Small Business & Trade Associations Applaud U.S. Senator Marco Rubio for Leadership on Economic Recovery and Immigrant Inclusion during Pandemic*, AMERICAN BUSINESS IMMIGRATION COALITION (July 31, 2020), https://abic.us/senrubiocallpppstimulus/ (last visited February 4, 2021).

6. On July 7, 2020, all Defendants other than the United States filed a Motion to Dismiss requesting they be dismissed as party defendants.

7. On December 14, 2020, this Honorable Court granted in part and denied in part the motion to dismiss. The Court dismissed the individual defendants from this lawsuit, and kept the remaining defendants: the United States, the Internal Revenue Service, and the U.S. Department of the Treasury. (Dkt. 70.)

8. On October 9, 2020, Defendant United States filed a Motion to Dismiss. (Dkts. 61-62.)

9. Petitioner responded on November 12, 2020. (Dkt. 66.) The Court never ruled on this motion prior to the voluntarily dismissal.

10. Subsequently, on December 27, 2020, Defendant Donald J. Trump signed into law the Consolidated Appropriations Act, 2021.

11. Among other things, subtitle B of title II of division N of that legislation, captioned the "COVID-related Tax Relief Act of 2020," amends certain provisions of the CARES Act, including the provision codified at I.R.C. § 6428(g) – the so-called Exclusion Provision – which previously denied any CARES Act tax credit on a joint return unless both spouses on that return possessed and set forth on the return valid Social Security Numbers (SSNs) for each.

12. As detailed throughout the Unopposed Motion to Dismiss, this case is now moot because "the issues presented are no longer live," and "the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citation and punctuation omitted). (Dkt. 71.)

13. As a result, millions of Americans, including some members of the putative class, received a $600 stimulus payment, which the IRS had to issue before January 15, 2021. The remaining putative class members may claim the $600 stimulus payment and the retroactive payment of the Cares Act Credit on their 2020 returns.

14. What began as discrimination on its face and as applied has yielded to the forces of justice and equality.

15. Accordingly, Petitioner prevailed herein. Congress' enactment of the COVID-related Tax Relief Act of 2020 represents a "significant achievement of the benefit … sought in bringing the suit," rendering Petitioner and the putative class

"prevailing parties" for purposes of an E.A.J.A. fee award. *See Kopunec v. Nelson*, 801 F.2d 1226, 1229 (10th Cir. 1986).

16. Title 28 U.S.C. § 2412(d)(2)(D) imposes upon the government the burden to show that its position was substantially justified in both law and fact. Whether the government's position was substantially justified is a determination within the Court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 559 (1988).

17. Here, Respondents lacked any reasonable basis in law or fact for their lengthy defense of Plaintiff's claims, including but not limited to their arguments founded in administrative challenges, questioning the efficiency of delivering stimulus payment checks, and urging this Court to ignore Plaintiff's claims in the dubious interest of what it allegedly perceived as sound tax code administration. In fact, Defendants' arguments are undercut by their own actions in later disbursing said funds to Plaintiff and the putative class.

18. There are no special circumstances present in this case which would make an award of fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Further, neither Petitioner nor any of the putative class members have a net worth exceeding $2,000,000 thus bringing them within the definition of a "party" for purposes of 28 U.S.C. § 2412(d)(2)(B).

19. The E.A.J.A. provides that a "fees award … shall be based upon prevailing market rates for the kind of quality of services furnished; the focus therefore being on the market rate." 28 U.S.C. § 2412(d)(2)(A). Attorney fees are not awarded in excess of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorney for the proceedings involved, justified a higher fee." *Id.* Further, courts have awarded hourly fees

in excess of the statutory rate for immigration law litigation. *See e.g Illinois Migrant Council v. Pilliod*, 672 F. Supp. 1072, 1082-83 (N.D. Ill. 1987) (awarding fees at a rate of $90.00 per hour despite a $75.00 per hour applicable statutory maximum rate); *Glover v. Heckler*, 1987 U.S. Dist. LEXIS 6789, *8 (N.D. Ill. 1987) (awarding fees at a rate of 90.00 per hour despite a $75.00 per hour applicable statutory maximum rate); *Deal v. Bowen*, 1987 U.S. Dist. LEXIS 6471, *4 (N.D. Ill. 1987) (finding the argument that the statutory maximum is a fixed ceiling to be "absurd"*)*; *Montes v. Thornburgh*, 919 F.2d 531 (9th Cir. 1990) (awarding $135.00 per hour in 1990); *Lyden v. Howerton*, 731 F.Supp. 1545 (S.D. Fla. 1990) (awarding $200.00 per hour in 1990).

20. Petitioner requests that its counsel be compensated at the statutory rate allowed for attorney fees plus an increase to account for increases in the cost of living. Petitioner also requests an appropriate upward departure from the statutory rate, at the Court's discretion.

21. Attached as Group Exhibit 1 hereto are the affidavits of Lana B. Nassar, Thomas J. Nitschke, Heather L. Blaise, Elisabeth A. Gavin, and Guinevere M. Moore, primary attorneys for Petitioner, confirming that they have expended 454.80 hours in their representation of Petitioner herein, and have incurred attorneys' fees of $214,522.50 to date.

22. Attached as Group Exhibit 2 hereto the affidavits of Thomas S. Key and Jessica A. Lesko, law clerk and paralegal for Petitioner, confirming that they have expended 112.30 hours in the above-captioned matter and have incurred fees of $15,160.50 to date.

23. Petitioner's attorneys have also incurred costs to bring this action before this Honorable Court in the amount of $474.36 to date. *See* Group Exhibit 1.

24. Time entries represented include those of senior attorneys, associate attorneys, law clerks, and paralegals.

WHEREFORE, Petitioners respectfully apply for an award of attorney's fees (including an appropriate upward departure from the statutory rate) and costs to Blaise & Nitschke, P.C. and Moore Tax Law Group, LLC, counsel for Petitioner and the putative class, pursuant to the Equal Access to Justice Act, as well as any and all other relief this Court deems equitable and just.

Respectfully submitted,

JOHN DOE, individually and on behalf of others similarly situated (collectively "Their")

By: /s/ *Lana B. Nassar*
Blaise & Nitschke, P.C.
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
lnassar@blaisenitschkelaw.com
*One of Their attorneys*

By: /s/ *Guinevere Moore*
Guinevere Moore
Moore Tax Law Group LLC
150 N. Clark, Suite 1250
Chicago, IL 60606
T: (312) 549-9990
F: (312) 549-9991
Guinevere.moore@mooretaxlawgroup.com
*One of Their attorneys*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on the 18th of February, 2021, she caused the foregoing instrument to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system.

                                                      /s/ *Lana B. Nassar*
                                                      Lana B. Nassar

Blaise & Nitschke, P.C.
123 N. Wacker Drive, Suite 250
Chicago, Illinois 60606
T: (312) 448-6602
F: (312) 803-1940
lnassar@blaisenitschkelaw.com
ARDC No. 6319396