IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, ET AL.,<br><br>      Defendants. | Case No. 1:20-CV-2531<br><br>Honorable Sharon Johnson Coleman |

**MOTION TO STRIKE PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND TO VACATE BRIEFING ORDER**

Defendant United States of America requests that the Court strike Plaintiff John Doe's Application for E.A.J.A. Fees and Costs, Dkt. No. 73, for failure to comply with Northern District of Illinois Local Rule 54.3 ("Attorney's Fees and Related Non-taxable Expenses"). Due to this failure, the United States is unable to fully respond to Plaintiff's application and therefore asks the Court to vacate the briefing order issued on February 19, 2021, *see* Dkt. No. 74. In the alternative, Plaintiff's motion should be summarily denied for failure to establish a *prima facie* case that he is a prevailing party entitled to the fees and costs he demands.

Plaintiff did not confer with the United States prior to the filing of his fee motion, as required by Local Rule 54.3(d), thereby preventing the United States from requesting and examining the time and work records of the five attorneys and two non-attorney professionals for whom nearly $230,000 of compensation is now sought. *See* N.D. Ill. L.R. 54.3(d)(1). Doe also has not permitted the United States to review representative business records sufficient to show the types of litigation previously engaged in by those professionals and the rates previously paid for their services. *See id.*, L.R. 54.3(d)(2). Further, Plaintiff did not submit to the Court the joint statement required by Local Rule 54.3(e) & (f).

1

Because Plaintiff did not confer with the United States or furnish evidence to support his request prior to filing his application, the United States would have to solely rely upon Plaintiff's affidavits to respond to his demand. But the evidence submitted by Plaintiff does not enumerate any of the "consultations, preparation of pleadings, documents, conferences, correspondence and telephone calls, preparation for litigation of contested hearings, motions, court appearances, and the like," Dkt. No. 73-1 at 2, 6, 10, 14, 18, that allegedly resulted in $214,522.50 in attorneys' fees; the "preparation of pleadings, documents, and motions," Dkt. 73-2 at 2, that resulted in $5,265.00 of fees of a law clerk; or the "consultations, preparation of pleadings, documents, motions, and the like," Dkt. No. 73-2 at 5, that resulted in $9,895.50 billed by a paralegal.

It also is unclear from Plaintiff's application whether any of the 567.10 hours of legal work for which he seeks payment were spent pursuing four nearly identical lawsuits filed by his attorneys in Central District of California, the Eastern District of Wisconsin, and the Western District of Wisconsin. The Doe plaintiffs prevailed in none of those actions. Indeed, after significant litigation, the Central District of California denied the plaintiffs' motion for a temporary restraining order and dismissed their complaint under Rule 12(b)(6) for many of the same reasons argued by the United States here.

Moreover, a fuller justification of the basis for Plaintiff's demand for payment is required. Plaintiff did not seek any money damages in this suit and voluntarily requested dismissal of the action when he determined that there no longer existed a case or controversy – apparently because he became eligible for a $1,200 income tax credit under an amendment to 26 U.S.C. § 6428(g). *See* Dkt. No. 71 (requesting dismissal due to legislation signed into law on December 27, 2020 amending the tax credit created by the CARES Act to permit a $1,200 credit if only one spouse has a valid identification number); *see also* Dkt. No. 11 at ¶ 69. Plaintiff did

not materially prevail in *any* of the contested matters in this case, which included: (1) his motion for a temporary restraining order, Dkt. No. 13; (2) his request for the Court to expedite consideration of his TRO request, Dkt. No. 14; (3) his attempt to proceed under a pseudonym, Dkt. No. 36; (4) the non-United States defendants' motion to dismiss the claims against them, Dkt. No. 44; (5) the United States' motion to dismiss for his failure to properly serve the summons and complaint, Dkt. No. 50; and (6) the United States' Rule 12(b)(1) and (6) motion to dismiss the complaint, Dkt. No. 61. The record demonstrates that the positions taken by the United States in these matters were substantially justified such that any fee award is inappropriate.

Because Plaintiff failed to comply with Local Rule 54.3, the United States respectfully requests that the Court strike his motion and vacate the scheduling order issued on February 19, 2021. In the alternative, the Court should summarily deny Plaintiffs' request because has not established a *prima facie* case that he is entitled to the relief requested.

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Jordan A. Konig*
JORDAN A. KONIG
CHRISTOPHER J. WILLIAMSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 305-7917 / Fax: (202) 514-5238
Jordan.A.Konig@usdoj.gov
Christopher.J.Williamson@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered parties.

                                                    */s/ Jordan A. Konig*
                                                    JORDAN A. KONIG
                                                    Trial Attorney, Tax Division
                                                    United States Department of Justice